Gregory S. Worden, WSBA #24262
1111 Third Avenue, Suite 2700
Seattle, WA 98101
206.436.2028

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### SPOKANE DIVISION

THE HANOVER INSURANCE
COMPANY,

        Plaintiff,

    vs.

KSB LITIGATION PS, JEFFRY K.
FINER, WILLIAM J. SCHROEDER,
WILLIAM C. SCHROEDER, JANE E.
BROWN, and KEVIN 'TED'
CARROLL,

        Defendants.

No. 2:24-cv-285

COMPLAINT FOR DECLARATORY
JUDGMENT

Plaintiff, THE HANOVER INSURANCE COMPANY, by its attorneys,

LEWIS BRISBOIS BISGAARD & SMITH, LLP, files this Lawsuit for Declaratory

Judgment against the above-captioned Defendants, and states as follows:

## I. <u>NATURE OF ACTION</u>

1.    This is an insurance coverage action seeking declaratory relief pursuant

to 28 U.S.C. §§ 2201 and 2202 . The Hanover Insurance Company ("Hanover") seeks

a determination of the parties' rights and obligations under a Claims-Made Lawyer's

Advantage Professional Liability Insurance Policy No. LH2 J211693 01 (the

COMPLAINT FOR DECLARATORY JUDGMENT - 1
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

"Renewal Policy") issued to the Defendant KSB Litigation PS ("KSB") with respect

claims asserted against KSB and defendants Jeffry K. Finer, William J. Schroeder,

William C. Schroeder, and Jane E. Brown, in their legal representation of Defendants

Kevin 'Ted' Carroll and, his Washington limited liability company Ooh Media LLC,

as set forth in the action captioned *Kevin 'Ted' Carroll et al. v. William J. Schroeder,*

*et al*, case number 24-2-02823-32, which is pending in the Superior Court of the State

of Washington in and for Spokane County (the "Underlying Case").

## II. <u>PARTIES</u>

2.     Plaintiff, Hanover, is a corporation organized and existing under the laws

of the State of New Hampshire, with its principal place of business located at 440

Lincoln Street, Worcester, Massachusetts 01653.

3.     Defendant KSB LITIGATION, P.S. ("KSB") is a professional services

corporation and law firm located in Spokane, Washington in the business of providing

legal services for clients in the State of Washington and the named insured of the

Policy and the Renewal Policy.

4.     Defendant JEFFREY K. FINER ("Finer") is, on information and belief,

a resident of the State of Washington and at all times relevant was an attorney

practicing law in the State of Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - 2
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

5.      Defendant WILLIAM J. SCHROEDER ("W.J. Schroeder") is, on information and belief, a resident of Washington and at all times relevant was an attorney practicing law in the State of Washington with KSB.

6.      Defendant WILLIAM C. SCHROEDER ("W.C. Schroeder") is, on information and belief, a resident of Washington and at all times relevant was an attorney practicing law in the State of Washington with KSB.

7.      Defendant JANE E. BROWN ("Brown") is, on information and belief, a resident of Washington and at all times relevant was an attorney practicing law in the State of Washington and managing partner of KSB.

8.      Defendant KEVIN 'TED' CARROLL ("Carroll") on information and belief, resides in the State of Washington, and is a plaintiff in the Underlying Case, and is the owner of the Washington limited liability company, Ooh Media LLC and is a party for whom no relief is sought.

### III.  JURISDICTION AND VENUE

9.      This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10.     An actual justiciable controversy exists between Hanover and the defendants within the meaning of 28 U.S.C. § 2201 regarding insurance coverage provided under the Renewal Policy that Hanover issued to KSB in the Eastern District of Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - 3
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

11.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. In particular, there is complete diversity of citizenship between Hanover and the defendants.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because KSB is located in the Eastern District of Washington, where the Hanover insurance Policy and Renewal Policy was issued and the acts complained of are alleged to have occurred.

## IV.  GENERAL ALLEGATIONS

13.     On June 12, 2024, Carroll and his Wisconsin limited liability company, Ooh Media, LLC (collectively "Claimants") filed a First Amended Complaint (the "FAC") in the Underlying Case, naming KSB, Finer, Finer & Winn P.S., Law Offices of Jeffry K. Finer, William J. Schroeder, William C. Schroeder, and Brown (collectively the "Underlying Defendants"). A true and correct copy of the First Amended Complaint in the Underlying Case is attached hereto as **Exhibit A**.

14.     Finer is sued in the FAC in his individual capacity, and in his capacities as an agent, principal, partner, employee and/or counsel of Finer & Winn PS, the Law Offices of Jeffry K. Finer and KSB. *Id.*¶ 1.3.

15.     In the FAC, it is alleged that while Claimants were working under contract to provide media advertising for Spokane Transit Authority ("STA"), they

COMPLAINT FOR DECLARATORY JUDGMENT - 4
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

were defamed in 2016 by STA's CEO and their contract was subsequently wrongfully terminated. Ex. A, ¶ 3.1-3.2.

16.    Ted Carroll and Ted Carroll as owner of Ooh Media, LLC retained Finer, d/b/a Finer & Winn, P.S., to represent them in pursuing their claims for wrongful termination of a service contract and defamation on December 14, 2017. *Id.*, ¶ 3.3, with attached Exhibit B - the 2017 Contract for Legal Services.

17.    In the FAC, it is alleged that Finer and Finer & Winn allegedly failed to file suit against STA and its CEO prior to the Claimants 2016 defamation claims expiring in 2018 based on the two-year statute of limitations. *Id.*, ¶ 3.4.

18.    In the FAC, it is alleged that Finer did not inform Claimants about the loss of their defamation claims. *Id.*, ¶ 3.5.

19.    In the FAC, it is alleged that on August 1, 2019, on the advice of Finer, Claimants retained KSB to prosecute their claims along with Finer acting as co-counsel and agreed to a fee split for Finer and KSB set forth in a Contract for Services. *Id.*, ¶ 3.6., with attached Exhibit C – the agreement.

20.    Claimants allege in the FAC that Defendants W.J. Schroeder, W.C. Schroeder and Brown (collectively the "KSB attorneys") and Finer knew Claimants defamation claims were time-barred at or near the time when KSB was retained on August 1, 2019, and actively worked to conceal the loss of the claims. *Id.* at ¶ 3.7.

COMPLAINT FOR DECLARATORY JUDGMENT - 5
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

21.    Claimants allege in the FAC that Finer and KSB attorneys undertook the alleged strategy of concealing the loss of their defamation claims as an alleged conspiracy to preserve their retention in the matter. *Id.*, ¶ 3.7.

22.    Claimants allege in the FAC, that on August 2, 2019, W.C. Schroeder advised Carroll to put in a separate notice of tort claim for tortious interference and defamation claims for him as an individual. *Id.*, ¶ 3.8.

23.    Claimants allege in the FAC, that said separate notice of Carroll's claims was allegedly drafted but not submitted by KSB, and a notice submitted by KSB on behalf of Ooh on August 2, 2019 omitted its defamation claims. *Id.*

24.    Claimants allege in the FAC, that on October 2, 2019, KSB and Finer filed a complaint in the U.S. District Court for the Eastern District of Washington alleging a 42 U.S.C. § 1983 violation along and common law tortious interference, but omitting Claimants defamation claims ("Claimants' Federal Lawsuit"). *Id.*, ¶ 3.9.

25.    Claimants allege in the FAC, that the 2019 complaint in Claimants' Federal Lawsuit was executed by W.J. Schroeder for KSB and by Finer for the Law Offices of Jeffry K. Finer which omitted Claimants defamation claims. *Id.*

26.    Claimants allege in the FAC, that on March 23, 2020, Finer filed a Notice of Firm Change and New Address in the Federal Lawsuit indicating Finer had joined KSB. *Id.*, ¶ 3.10.

COMPLAINT FOR DECLARATORY JUDGMENT - 6
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

27.     Claimants allege in the FAC, that on September 22, 2020, the district court dismissed Claimants § 1983 claim in Claimants' Federal Lawsuit and declined supplemental jurisdiction over their remaining claims. *Id.* ¶ 3.12.

28.     Claimants allege in the FAC, that on October 2, 2020, Claimants filed a complaint in the Spokane County Superior Court seeking a declaratory judgment adjudicating the truth of events recounted by STA's CEO in an article where the defamation occurred, and a legal determination on Ooh's contract with STA (the "Claimants' State Court Lawsuit"). *Id.*, ¶¶ 3.15-3.16.

29.     Claimants allege in the FAC, that the Defendant attorneys State Court Lawsuit for Claimants was filed as a means to conceal Finer's negligence in allowing Claimants defamation claims to expire in 2018. *Id.*, ¶¶ 3.17-3.19.

30.     Claimants allege in the FAC, that KSB and Finer allegedly evaded Carroll's questions about the absence of Claimants defamation claims in Claimants' State Court Lawsuit and actively tried to avoid activities that might spotlight the absence of the defamation claims. *Id.*, ¶ 3.20.

31.     Claimants allege in the FAC, that on November 10, 2020, the Claimants' State Court Lawsuit was stayed pending resolution of an appeal of the dismissal of Claimants' Federal Lawsuit. *Id.*, ¶ 3.21.

COMPLAINT FOR DECLARATORY JUDGMENT - 7
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

32.     Claimants allege in the FAC, that on or about June 15, 2021, the parties agreed to mediate Claimants' State Court Lawsuit, during which they settled their claims. *Id.*, ¶ 3.22.

33.     Claimants allege in the FAC that they accepted a settlement in an amount substantially less than the amount of the Claimants damages calculated by Claimants' experts. *Id.*

34.     Claimants allege in the FAC, that during mediation, when the mediator questioned why Claimants had not timely pursued their defamation claims, Finer allegedly apologized to Carroll. *Id.*, ¶ 3.23.

35.     Claimants allege in the FAC, that the Underlying Defendants were professionally negligent in failing to accurately inform them about the status of their cases and actions necessary to preserve and prosecute their defamation claims, failing to disclose the loss of the defamation claims, concealing said loss, pursuing meritless claims, and persuading Claimants to accept a settlement below the value Claimants allegedly required to make themselves whole, and seek to recover damages incurred as result of said negligence. *Id.*, ¶ 4.1-4.9.

36.     Claimants allege in the FAC that the Underlying Defendants breached fiduciary duties owed to Claimants by failing to inform Claimants of the loss of their defamation claims, continuing to represent Claimants despite having a conflict of interest, and not providing Claimants information necessary to make informed

COMPLAINT FOR DECLARATORY JUDGMENT - 8
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

decisions, and seek damages incurred as a result and disgorgement of fees and costs paid to the Underlying Defendants. *Id.*, ¶ 5.1-5.5.

37.    Claimants allege in the FAC that Carroll sustained personal injuries due to emotional distress caused by learning the Underlying Defendants had allegedly misled him, failed to prosecute his case, and deceived him into accepting a settlement at a value that did not satisfy his damages, and seek to resulting damages. *Id.*, ¶ 6.1-6.4.

38.    Claimants allege in the FAC, that the Underlying Defendants violated the Washington State Consumer Protection Act, RCW 19.86, and to recover treble damages in addition to attorney fees and costs pursuant to that statute. *Id.*, ¶¶ 7.1-7.5.

39.    The KSB attorneys, KSB and Finer reported the FAC to Hanover seeking coverage under the Renewal Policy.

40.    Hanover is providing a defense to the FAC under a reservation of rights to W.J. Schroder, W.C. Schroeder, Brown, and KSB under the Renewal Policy.

## V.  THE APPLICATIONS AND POLICIES

41.    KSB applied for its first Hanover Lawyer's Advantage Professional Liability Policy on October 20, 2022. A true and correct copy of KSB's Application for the Policy is attached hereto as **Exhibit B** (with financial information redacted).

42.    In KSB's Application for the Policy, it represented that Finer was hired by KSB on June 1, 2020 and would have an individual retroactive date consistent with

COMPLAINT FOR DECLARATORY JUDGMENT - 9
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

Finer's KSB hire date of June 1, 2020. Finer was reported to be working at KSB ".5+" hours per week. Ex. B, p. 3.

43.     Based on the Application representations, Hanover issued KSB a Lawyer's Advantage Professional Liability Policy under policy number LH2 J211693 00 with a policy period of November 1, 2022 to November 1, 2023 ("Policy"). A true and correct Certified copy of this first issued Hanover Policy to KSB is attached hereto as **Exhibit C.**

44.     Policy Endorsement Number: 1 provides:

> The following additional requirements and limitations shall apply to coverage provided under this **Policy:**
> The **Wrongful Act** and **Professional Services** in any way involving, in whole or in part, the **Insured** shown in the schedule below must have first occurred on or after the applicable Specified Date in the schedule below.

| Insured | Specified Date |
|---|---|
| Jeffrey Finer | 06/01/2020 |

45.     KSB applied to renew the Policy on September 28, 2023. A true and correct copy of KSB's Application for Renewal is attached hereto as **Exhibit D** (with financial information redacted).

46.     Finer was not identified as an attorney employed by KSB on the September 28, 2023 Renewal Application. Ex. D, pp. 2-3.

47.     Hanover renewed the Policy under Policy Number LH2 J211693 01 with a policy period of November 1, 2023 to November 1, 2024 ("Renewal Policy"). A true and correct copy of the Renewal Policy is attached hereto as **Exhibit E.**

COMPLAINT FOR DECLARATORY JUDGMENT - 10
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

48.    Both the Policy and Renewal Policy contain the following relevant provisions:

In consideration of the premium paid, in reliance upon the statements in the **Application** and subject to the Declarations, limitations, conditions, definitions and other provisions of this Policy, including endorsements hereto, the **Insurer** and the **Insureds** agree as follows:

### A. COVERAGE

1. Professional Services Coverage

**We** will pay on **Your** behalf those sums which **You** become legally obligated to pay as **Damages** because of any **Claim** made against **You** for a **Wrongful Act.**

4. Additional Requirements

The following additional requirements and limitations shall apply to coverage provided under A.1., A.2., and A.3. above:

a. The **Wrongful Act** and **Professional Services** must have first occurred on or after the applicable **Retroactive Date(s);**

b. None of **You** had knowledge of a **Wrongful Act,** or any facts or other circumstances, which may reasonably give rise to a **Claim** or **Supplemental Coverage Matter,** or knowledge of any **Claim** or **Supplemental Coverage Matter,** prior to the inception date of this **Policy;**

### B. DEFENSE AND SETTLEMENT

1. **We** have the exclusive right and duty to defend any **Claim** made under this **Policy,** even if the allegations are groundless, false or fraudulent. However, if **You** are entitled under applicable law to select defense counsel, then such defense

COMPLAINT FOR DECLARATORY JUDGMENT - 11
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

counsel shall comply with **Our** customary rates and litigation guidelines regarding billing, staffing and reporting. **We** will pay **Claim Expenses** in connection with a **Claim We** defend. **We** are not obligated to defend any criminal investigation, criminal proceeding or prosecution, or any **Claim** for **Equitable Relief** against **You.** If a **Claim** is not covered under this **Policy, We** will have no duty to defend it.

## D. DEFINITIONS

**Claim** means a:

1.   Written demand received by an **Insured** for **Damages** or **Equitable Relief;**
2.   **Suit;**
3.   Formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document;
4.   Arbitration or mediation proceeding commenced by the receipt of a demand for mediation or similar document; or
5. Written request received by an **Insured** to toll or waive a statute of limitations.

All **Claims** made against any **Insured** that include, in whole or in part, allegations of **Wrongful Acts,** facts or circumstances that have a causal or logical connection will be considered one **Claim.** All such **Claims** will be considered first made at the time the earliest such **Claim** was made against any **Insured. Wrongful Acts,** facts or circumstances have a causal connection if the **Wrongful Acts,** facts or circumstances give rise, directly or indirectly, to the other such **Wrongful Acts,** facts or circumstances. **Wrongful Acts,** facts or circumstances have a logical connection if there is a goal, motive or methodology that is both common and central to the matters alleged.

**Insured,** also referred to herein as **You** or **Your,** means the **Named Insured** and:

1.   Any **Predecessor Firm;**

COMPLAINT FOR DECLARATORY JUDGMENT - 12
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

2. Any individual, who was, is or becomes an owner, partner, officer, director, shareholder, associate, paralegal, manager, member or employee of the **Named Insured,** solely while acting in a professional capacity on behalf of the **Named Insured** or a **Predecessor Firm;**

3. The **Named Insured's** part-time, intern, temporary or leased employees, but only while acting on behalf of the **Named Insured**

6. A past or present **Independent Contractor** or Of Counsel attorney, but solely while acting in such capacity on behalf of the **Named Insured.**

**Named Insured** means the sole proprietor, entity, partnership, or corporation designated on the Declarations page.

**Professional Services** means advice given or services performed for others for a fee, as a

1. Lawyer, mediator, collaborative lawyer, arbitrator, notary public, administrator, conservator, receiver, executor, guardian, trustee, or in any similar fiduciary capacity, but only if the services rendered are those ordinarily performed by a lawyer;….

**Wrongful Act** and **Wrongful Acts** mean any actual or alleged negligent act, error, omission, misstatement, or **Personal Injury** in the rendering of or failure to render **Your Professional Services.** When a **Claim** is based upon or arises out of more than one **Wrongful Act,** the date of all such **Wrongful Acts** shall be deemed to be the date of the first such **Wrongful Act,** whether prior to or during the **Policy Period.**

**E. EXCLUSIONS**

1. This **Policy** does not apply to **Claim(s)** or **Supplemental Coverage Matter(s)** based upon, arising out of, or in any way relating to, directly or indirectly:

   m. Related Entities

COMPLAINT FOR DECLARATORY JUDGMENT - 13
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

Services rendered to or failed to be rendered to, or claims made by, any business enterprise, charitable organization, pension, welfare, profit sharing, mutual or investment fund, or any entity not named in the Declarations in which any past or present lawyer, employee or other person affiliated with the **Named Insured:**

1) Hold an interest of more than 15%, as a partner, member, principal or stockholder;
2) Are an employee, manager, officer, or director at any time **Professional Services** were rendered or failed to be rendered; or
3) Directly or indirectly control, operate or manage

## H. CONDITIONS

2. Representations and Application

By accepting this **Policy,** all of **You** agree that:

a. The statements in the Declarations are accurate and complete;
b. Those statements are based on representations **You** made to **Us** in **Your** application for this insurance **Policy,** or to **Us** for a policy of which this **Policy** is a renewal or replacement;
c. The representations made in **Your** application are the basis of this **Policy** and are to be considered as incorporated into and constituting a part of this **Policy;**
d. Those representations are material to the acceptance of the risk **We** assumed under this **Policy;** and
e. **We** have issued this **Policy** in reliance upon the accuracy and completeness of such representations.

## CAUSES OF ACTION

### COUNT I
### (Finer – Definition of Insured)

COMPLAINT FOR DECLARATORY JUDGMENT - 14
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

49.     Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

50.     The Policy and Renewal Policy Notice Provision provides that "The terms **You** and **Your** refer to the persons and entities insured under this **Policy**." (Exs. C and E, Page 1 of 16).

51.     The insuring agreement of the Policy and Renewal Policy provide "**We** will pay on **Your** behalf those sums which **You** become legally obligated to pay as Damages because of any **Claim** made against **You** for a **Wrongful Act**." (Exs. C and E, page 1 of 16).

52.     "Insured," "You," and "Your" are defined in the Policy and Renewal Policy, as relevant here, as any individual who was or is an owner, partner, officer, director, shareholder, associate, manager, member or employee of the Named Insured solely while acting in a professional capacity on behalf of the Named Insured. (Exs. C and E, page 6 of 16).

53.     The Policy and Renewal Policy expressly identifies KSB as the Named Insured. (Exs. C and E, Declarations page 1 of 2).

54.     KSB has a Formation/Registration Date of 09/15/2016, an Expiration Date of 09/30/2024, a UBI Number of 604 034 091, and is located at 510 W. Riverside AVE Suite 300, Spokane, WA, 99201-0515.

55.     Finer & Winn PS has a Formation/ Registration Date of 12/02/2002, an

COMPLAINT FOR DECLARATORY JUDGMENT - 15
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

1    Expiration Date of 12/31/2024, a UBI Number of 602 252 836, and is located at 2850

2    E Rockhurst Ln, Suite 356, Spokane WA 99223.

3
      56.    Finer & Winn PS and The Law Offices of Jeffry K. Finer are separate
4
5    and independent entities from KSB.

6      57.    KSB sought insured status for Finer in the KSB Application effective as

7    of the date of his reported KSB hire, June 1, 2020. (Ex. B, p. 3).
8
9      58.    Finer was an insured as a KSB employed attorney under the Policy for

10   covered claims first made against him during the 11/1/2022 to 11/1/2023 policy

11
     period and reported to Hanover during this Policy reported period for wrongful acts
12
13   committed or alleged to be committed after June 1, 2020, on professional services

14   performed solely on behalf of the KSB Named Insured.

15
       59.    Finer was an insured as a KSB former employed attorney under the
16
17   Renewal Policy for covered claims first made against him during the 11/1/2023 to

18   11/1/2024 policy period and reported to Hanover during this Renewal Policy reported

19
     period for wrongful acts committed or alleged to be committed after June 1, 2020, on
20
21   professional services performed solely on behalf of the KSB Named Insured.

22     60.    Finer & Winn PS and The Law Offices of Jeffry K. Finer are not Insureds

23
     under the Policy and the Renewal Policy.
24

25

26

27

COMPLAINT FOR DECLARATORY JUDGMENT - 16
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

61.    Finer is not an insured under the Renewal Policy for the FAC claim made against Finer because the claim was not made against Finer for a wrongful act solely while acting in a professional capacity on behalf of KSB.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Finer is not an insured under the Renewal Policy for acts not performed solely on behalf of KSB; (2) Finer is not an insured under the Renewal Policy for acts, errors or omissions committed prior to his insured status date as 6/1/2020; (3) Hanover has no duty to defend or indemnify Finer for claims in the FAC; and (4) granting Hanover any other and further relief that this Court deems just and proper, including any reversal of attorney's fees and costs incurred in the defense of Finer to the extent permitted by law and (5) and attorney's fees and costs incurred in this action to the extent permitted by law.

## COUNT II
### (Finer – Wrongful Act Prior to Retroactive Date)

62.    Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

63.    The insuring agreement of the Hanover Policy and Renewal Policy stipulates that an additional condition precedent of coverage is any "Wrongful Act" and "Professional Services" giving rise to a claim must have first occurred on or after the applicable retroactive date. (Ex. C and E at A.4.a., page 2 of 16).

COMPLAINT FOR DECLARATORY JUDGMENT - 17
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

64.    Claimants allege in the FAC that the statute of limitations expired on their 2016 defamation claims in 2018. Ex. A, ¶ 3.4.

65.    Finer, in his capacity as an attorney for Finer & Winn, PS, solely represented Claimants in the handling of their claims against STA and STA's CEO from December 2017 up to August 1, 2019, when KSB was added with Finer as counsel for Claimants. Ex. A¶ 3.3, 3.6.

66.    The timely filing of a lawsuit asserting a clients' viable claims is a "Professional Service" as defined in the Policy and Renewal Policy.

67.    The failure to timely file a lawsuit asserting a clients' viable claims is a "Wrongful Act" as defined in the Policy and Renewal Policy.

68.    The individual Retroactive Date for Finer is June 1, 2020 as set forth in KSB's Application for the Policy. Ex. C, p. 3.

69.    This Finer Retroactive Date was incorporated into Policy Endorsement Number 1, which explicitly states coverage does not extend to any "Wrongful Act" or "Professional Services" involving Finer in any way, in whole or in part, which first occurred prior to June 1, 2020. (Ex. C).

70.    A "Wrongful Act" giving rise to the claim at issue—Finer's failure to timely file Claimants' 2016 defamation claims in or before 2018—occurred prior to the 6/1/2020 applicable Finer retroactive date.

COMPLAINT FOR DECLARATORY JUDGMENT - 18
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

71.    The Renewal Application no longer identifies Finer as an attorney with KSB. (Ex. D).

72.    As such, the Renewal Policy only extends coverage to Finer as an individual "who was" an owner, partner, officer, director, shareholder, associate, manager, member or employee of the Named Insured, solely while acting in a professional capacity on behalf of the Named Insured.

73.    The Renewal Policy extends coverage to Finer as a past owner, partner, officer, director, shareholder, associate, manager, member or employee of the Named Insured subject to his individual retroactive date of 6/1/2020.

74.    The Policy and Renewal Policy provide in the Definition of Wrongful Act that "when a claim is based upon or arises out of more than one Wrongful Act, the date of all such Wrongful Acts shall be deemed to be the date of the first such Wrongful Act, whether prior to or during the Policy Period." (Ex. C and E at page 8 of 16).

75.    The FAC claim is based upon a Wrongful Act rendered or failed to be rendered by Finer prior to the Finer 6/1/2020 individual Retroactive Date.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Finer does not satisfy the condition precedent to coverage under the Renewal Policy Insuring Agreement A.4.a. that the Wrongful Act and Professional Services

COMPLAINT FOR DECLARATORY JUDGMENT - 19
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

must have first occurred on or after the Finer applicable 6/1/2020 Retroactive Date;

(2) Hanover has no duty to defend or indemnify Finer for claims made in the FAC;

(3) granting Hanover any other and further relief that this Court deems just and proper,

including attorney's fees and costs to the extent permitted by law.

## COUNT III
### (Finer and KSB - Exclusion M)

76.     Hanover hereby incorporates the allegations contained in the preceding

paragraphs as though fully set forth herein.

77.     Related Entities, Exclusion M of the Renewal Policy states that "this

Policy does not apply to Claim(s) . . . based upon, arising out of, or in any way relating

to, directly or indirectly" …. or "any entity not named in the Declarations in which

any past or present lawyer, employee, or other person affiliated with the Named

Insured" "hold[s] an interest of more than 15%, as a partner, member, principal or

stockholder; [is] an employee, manager, officer, or director at any time Professional

Services were rendered or failed to be rendered; or . . . [d]irectly or indirectly

control[s], operate[s] or manage[s]."

78.     No coverage is afforded for the Claim based upon, arising out of, or in

any way related to Mr. Finer's capacity as holding an interest of more than 15%, as a

partner, member, principal or stockholder at an entity other than KSB.

79.     No coverage is afforded for the Claim based upon, arising out of, or in

any way related to Mr. Finer's capacity at an entity other than KSB as an employee,

COMPLAINT FOR DECLARATORY JUDGMENT - 20
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

manager, officer, or director at any time Professional Services were rendered or failed to be rendered.

80.    No coverage is afforded for the Claim based upon, arising out of, or in any way related to Mr. Finer's capacity at an entity other than KSB that he directly or indirectly controls, operates or manages.

81.    Finer & Winn, PS, is not an entity named in the Declarations of the Policy or Renewal Policy.

82.    The Law Offices of Jeffry K. Finer is not an entity named in the Declarations of the Policy or Renewal Policy.

83.    Accordingly, the claims alleged in the FAC and at issue in this action are excluded from coverage by Exclusion M.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring: (1) Hanover has no duty to defend or indemnify Defendants W.J. Schroeder, W.C. Schroeder, Jane Brown, KSB, or Finer with respect to claims made in the FAC; (2) a reversal of attorney's fees and costs incurred in the defense of Defendants W.J. Schroeder, W.C. Schroeder, Jane Brown, KSB, and/or Finer to the extent permitted by law and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

## COUNT IV
### (Finer and KSB – Prior Knowledge)

COMPLAINT FOR DECLARATORY JUDGMENT - 21
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

84.    Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

85.    The Renewal Application states:

> 28.    Do any of **You** know of any incident, negligent act, error or omission, or other circumstance that could result in a claim or suit against the **Firm** or any **Predecessor Firm** or any of the **Firm's** or any **Predecessor Firm's** current or former professional staff?
>
> *If* "Yes" *to* 28 *or* 29 *above, please complete a Claim Supplement for each matter.*

86.    KSB responded "No" to Renewal Application question 28.

87.    The Renewal Application excludes coverage for any incident, negligent act, error or omission or other circumstance that could result in a claim or suit against the Firm or any of the Firm's current or former staff and is not disclosed in response to question 28 which arises from such fact, circumstance or situation, stating:

> **IMPORTANT:** Without prejudice to any of **Our** other rights and remedies, all of **You** understand and agree that if any such fact, circumstance or situation exists, which is not disclosed in response to the questions above, any claim or action arising from such fact, circumstance or situation is excluded from coverage under the proposed policy.

88.    The insuring agreement of the Hanover Renewal Policy stipulates that an additional requirement of coverage is that "None of You had knowledge of a Wrongful Act or any facts or other circumstances would may reasonably give rise to a Claim…. prior to the inception date of this [Renewal] Policy." (Ex. E at A.4.b.; p. 2 of 16).

COMPLAINT FOR DECLARATORY JUDGMENT - 22
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

89.    The inception date of the Renewal Policy is November 1, 2023. (Ex. E, p. 1).

90.    Defendants are alleged by Claimants in the FAC to have known of the loss of Claimants' defamation claims as a result of Finer's alleged negligence on or about the time of the KSB retention of KSB on August 1, 2019. Ex. A, ¶ 3.6, 3.7.

91.    Claimants alleged in the FAC that Finer and the KSB Defendants allegedly undertook a litigation strategy in the Underlying Case designed to conceal the loss of Claimants defamation claims beginning on or about August 1, 2019. Ex. A, ¶ 3.7.

92.    Claimants alleged in the FAC, that in the Answer to the Claimants' State Court 10/2/2020 Complaint, STA asserted affirmative defenses to claims sounding in defamation based on the statute of limitations bar. Ex. A, ¶ 3.18.

93.    Claimants alleged in the FAC, that Defendants allegedly participated in a mediation of Claimants' claims wherein the failure to timely pursue Claimants' defamation claims was discussed on June 15, 2021. Ex. A, ¶ 3.23.

94.    A reasonable attorney would recognize that the alleged expiration of the statute of limitations on a viable cause of action constitutes "any facts or other circumstances, which may reasonably give rise to a claim" against a Named Insured's prior or past attorney and/or the Named Insured firm.

COMPLAINT FOR DECLARATORY JUDGMENT - 23
USDC ED WA CAUSE NO.

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

144326678.1

95.     A reasonable attorney would recognize that the alleged expiration of the statute of limitations on a viable cause of action constitutes "any incident, negligent act, error or omission, or other circumstance that could result in a claim or suit against the Firm … or any of the Firm's …current or former professional staff".

96.     Accordingly, the KSB Attorneys and Finer had knowledge of the facts or other circumstances which might reasonably give rise to a claim prior to November 1, 2023, and as such there is no coverage for Defendants WJ. Schroeder, W.C. Schroeder, Jane Brown, KSB, and Finer on the FAC claim based on the Renewal Application Exclusion and the Renewal Policy Insuring Agreement condition precedent to coverage A.4.b..

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Defendants WJ. Schroeder, W.C. Schroeder, Jane Brown, KSB, and Finer had knowledge of any incident, negligent act, error or omission, or other circumstance that could result in a claim or suit against the **Firm** or any of the **Firm's** current or former professional staff prior to 11/1/2023, and as such the Claim is not covered based on the Renewal Application Exclusion; (2) Defendants WJ. Schroeder, W.C. Schroeder, Jane Brown, KSB, and Finer had knowledge of any facts or other circumstances, which may reasonably give rise to a claim prior to 11/1/2023, and as such the Claim is not covered under the Renewal Policy based on the Insuring

COMPLAINT FOR DECLARATORY JUDGMENT - 24
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020

Agreement condition precedent to coverage set forth at A.4.b.; (3) Hanover has no duty to defend or indemnify Defendants WJ. Schroeder, W.C. Schroeder, Jane Brown, KSB, and Finer with respect to claims made in the FAC; and (4) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

DATED August 22, 2024                    LEWIS BRISBOIS BISGAARD &
                                          SMITH LLP

                              By:_____s/Gregory S. Worden_____
                                    Gregory S. Worden, WSBA #24262
                                    1111 Third Avenue, Suite 2700
                                    Seattle, Washington 98101
                                    (206) 436-2020
                                    Gregory.Worden@lewisbrisbois.com

                              By:_____s/Darcy L. Ibach_____
                                Darcy L. Ibach, to be admitted pro hac vice
                                    500 W. Adams St. Suite 300
                                    Chicago, IL 60661
                                    Darcy.Ibach@lewisbrisbois.com
                                    (312) 463.3339

                                    *Attorneys for Plaintiff The Hanover
                                    Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 25
USDC ED WA CAUSE NO.

144326678.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
2101 Fourth Avenue, Suite 700
Seattle, Washington 98121
206-436-2020